**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Quanta Services, Inc.,
**Employer Below, Petitioner**

**v.)**    **No. 23-420**    (JCN: 2021018967)
(ICA No. 22-ICA-244)

**Zachary Bolling,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Quanta Services, Inc. appeals the May 1, 2023, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Quanta Servs., Inc. v. Bolling*, No. 22-ICA-244, 2023 WL 3172063 (W. Va. Ct. App. May 1, 2023) (memorandum decision). Respondent Zachary Bolling filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the Board of Review's order, which reversed the claim administrator's rejection of the claim. The Board of Review held the claim compensable for electrical shock and sequelae of electrical shock, and remanded the claim to address temporary total disability and other benefits.

On appeal, the employer argues that the decision below is premised upon a misapprehension of the evidentiary record and alleges that the opinion of Carl Musser, Jr., M.D., a cardiac electrophysiologist, fails to establish that the claimant sustained a workplace injury on March 10, 2021. The employer believes that the decisions of the Board of Review and ICA have impermissibly shifted the burden of proof from the claimant to the employer, and the findings of the ICA do not comply with the requirements of West Virginia Code § 23-4-1g, which requires that decisions be made upon a preponderance of the evidence standard and discards the rule of liberality in the adjudication of workers' compensation disputes.[2] The claimant counters by

---

[1] The petitioner is represented by counsel Daniel G. Murdock, and the respondent is represented by counsel Kelly Elswick-Hall.

[2] West Virginia Code § 23-4-1g (2003), provides, in pertinent part, that:

> [R]esolution of any issue raised in administering this chapter shall be based on a weighing of all evidence pertaining to the issue and a finding that a preponderance of the evidence supports the chosen manner of resolution. The process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality, and reliability that the evidence possesses in the context of the issue presented. Under no circumstances will an issue be resolved

arguing that the weight of the evidence shows that he suffered a compensable on-the-job electrical shock in the course of and resulting from his employment.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. April 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

**ISSUED: August 1, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

by allowing certain evidence to be dispositive simply because it is reliable and is most favorable to a party's interests or position. If, after weighing all of the evidence regarding an issue which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.